```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

GUL PEKAI RAZAQYAR
and TORIALAY RAZAQYAR,

   Plaintiffs,

v.                                      Case No. 8:20-cv-2444-T-33CPT

INTEGON NATIONAL INSURANCE
COMPANY,

   Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiffs Gul Pekai Razaqyar and Torialay Razaqyar's Motion for Remand (Doc. # 16), filed on November 18, 2020. Defendant Integon National Insurance Company responded on November 23, 2020. (Doc. # 17). For the reasons that follow, the Motion is granted.

**I.   Background**

The Court and the parties are both familiar with the allegations of the complaint and, thus, the Court need not recite them here. The Razaqyars initiated this insurance action against Integon in state court on September 18, 2020, asserting claims for declaratory relief and bad faith. (Doc.


# 1 at 7-13). Integon removed the case to this Court on October 19, 2020, on the basis of diversity jurisdiction. (Id. at 1-4).

Integon then moved to dismiss both counts of the complaint. (Doc. # 7). The Court dismissed the bad faith claim without prejudice as unripe but denied the motion to dismiss as to the claim for declaratory relief. (Doc. # 15).

Now, the Razaqyars seek remand to state court, arguing that the amount in controversy for the remaining declaratory relief claim is only $58,000. (Doc. # 16). Integon has responded (Doc. # 17), and the Motion is ripe for review.

## II. Discussion

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the

jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The complaint does not state a specified claim to damages. (Doc. # 1 at 7). Instead, Integon argued in its Notice of Removal that the amount in controversy requirement was met because the Razaqyars had obtained a state court judgment for $797,610 plus interest against Integon's alleged insureds. (Id. at 2). Notably, however, that amount in controversy analysis applied when the complaint contained both claims for declaratory relief regarding the availability of coverage under the insurance policy and for bad faith.

The claim for bad faith has since been dismissed. Thus, the amount in controversy requirement now must be met based on the remaining claim for declaratory relief alone. See Brown v. Safeco Ins. Co. of Ill., No. 6:13-cv-1982-Orl-31, 2014 WL 1478833, at *1 (M.D. Fla. Apr. 14, 2014)("[T]he Court abated

Plaintiff's bad faith claim as premature, and a non-ripe bad faith claim has zero value with regard to the amount in controversy."); see also Hargrove-Davis v. State Farm Mut. Auto. Ins., No. 8:18-cv-923-T-33CPT, 2018 WL 4742965, at *3 (M.D. Fla. Oct. 2, 2018)(holding that only the amount in controversy — $20,000 — for a breach of contract claim should be considered in determining jurisdiction because the premature bad faith claim for $500,000, as well as other invalid claims, had been dismissed).

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000)(citation omitted). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1316 (11th Cir. 2014)(citation omitted). While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be "sufficiently measurable and certain" to satisfy the amount in controversy requirement. Morrison, 228 F.3d at 1269.

4

The Razaqyars argue that the amount of controversy for the remaining declaratory relief claim is only $58,000 — the $50,000 bodily injury limits under the insurance policy at issue combined with the $8,000 for property damage decided by the jury, which is less than the $25,000 property damage limits under the policy.[1] (Doc. # 16 at 4; Doc. # 16-1 at 1). The Court agrees.

While the final judgment entered by the state court against Integon's alleged insureds far exceeds $75,000, this Court is only asked in this case to declare the availability of insurance coverage for the accident. See N.H. Indem. Co. v. Scott, No. 8:11-cv-943-T-23MAP, 2012 WL 6537098, at *2 (M.D. Fla. Dec. 14, 2012)("The amount of damages sought in the underlying action is relevant only up to the amount for which the insurer must indemnify the insured. Thus, if the value of the underlying claim exceeds the insurer's potential

---

[1] The total policy limit for bodily injury and property damage equals $75,000. (Doc. # 16 at 4; Doc. # 17 at 3). However, because the jury determined that there was only $8,000 in property damage, $58,000 rather than $75,000 is the correct number to consider. Even if the full policy limit of $75,000 were considered, the amount in controversy requirement still would not be met because the $75,000 policy limit does not **exceed** $75,000. See Zulu v. PNC Bank, N.A., No. 1:19 CV 1821, 2019 WL 5677504, at *2 (N.D. Ohio Nov. 1, 2019)("As Defendants point out, Plaintiff's demand did not exceed $75,000.00 but instead is $75,000.00 exactly. That does not meet the jurisdictional requirement.").

liability under the policy, the amount in controversy in the declaratory judgment action is the insurer's potential liability under the policy — the policy limit."). And a declaration by this Court in favor of the Razaqyars would only lead to $58,000 in value flowing to them. That is, Integon would only have to provide coverage for $50,000 for bodily injury damages and the $8,000 attributed to property damage by the jury if the declaratory judgment claim is decided against it in this case.

The fact that the Razaqyars hope to recover more through a bad faith claim in a subsequent case if they are successful here does not alter the value of the declaratory judgment claim regarding coverage currently before the Court. See Id. at *3 ("NHIC argues essentially that, because the present action serves as a prerequisite to a future, speculative [bad faith] action, the amount in controversy in the future, speculative action controls the amount in controversy in the present action. But a declaratory judgment's attenuated, collateral consequence perforce res judicata, collateral estoppel, or stare decisis contributes nothing to the amount in controversy."). In short, the amount in controversy for the declaratory judgment claim is below the jurisdictional threshold and the case must be remanded to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs Gul Pekai Razaqyar and Torialay Razaqyar's Motion for Remand (Doc. # 16) is **GRANTED**. The Clerk is directed to remand this case to state court and thereafter **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 2nd day of December, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE